## (February 10, 1972)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. NATHAN WHEATMAN, JERRY JEROME, SAMUEL SPECTOR, JERED CONTRACTING CO., INC., DUNRITE PAINTING CO., INC., Appellants. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ARNOLD MARCUS and MARCUS DECORATING CO., INC., Appellants.— On remand from the Court of Appeals (29 N Y 2d 337) we have considered the points raised by the defendants, other than Wheatman, and find them without merit, and accordingly we unanimously affirm the judgments of the Supreme Court, New York County, rendered May 24, 1968, as to defendants Jerome, Spector, Jered and Dunrite, and the judgments of said court rendered June 20, 1968, as to defendants Marcus and Marcus Decorating. (See *People* v. *Wheatman*, 33 A D 2d 67; *People* v. *Wheatman,* 34 A D 2d 3.) Defendants' reliance on *People* v. *Wyler* (37 A D 2d 375) is misplaced. On the undisputed facts in the cited case, the witness was an accomplice as a matter of law. In the instant case there was a substantial factual issue relative to Feldman being an accomplice. The jury under the charge was enabled to find on the facts that Feldman was an accomplice or a subordinate employee acting under the direction of his employers. Concur — Eager, J. P., Capozzoli, Tilzer and McNally, JJ.; Nunez, J., concurring in the following memorandum: The trial court should have instructed the jury that Sidney Feldman was an accomplice as a matter of law. Feldman admitted that on two separate occasions he gave money to Nolan, an employee of the New York City Housing Authority. He further admitted that he knew he was bribing Nolan. His proffered excuse, that he was following his employer's instructions, is of no avail. However, while the court erred in

failing to charge that Feldman was an accomplice (see *People* v. *Wyler*, 37 A D 2d 375), I concur in affirmance only because were his testimony deleted from the record, there would remain an overabundance of evidence establishing the defendants' guilt beyond a reasonable doubt. (See *People* v. *Pelow*, 24 N Y 2d 161, 167.) The error committed must, therefore, be considered harmless. (Code Crim. Pro., § 542; see, also, CPL 470.05, subd. 1.)